UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIAN RODRIGUEZ,

Plaintiff,

v.

R. EULERS, et al.,

Defendants.

No. 2:20-cv-2399-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis.  ECF No. 2.  He also a requests appointment of a Spanish-speaking interpreter and/or attorney.  ECF No. 4.  As discussed below, his in forma pauperis application is granted and the court screens the complaint.  The request for appointment of an attorney/interpreter is denied.

Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

1

<u>Screening Standards</u>

2

Federal courts must engage in a preliminary screening of cases in which prisoners seek

3

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6

relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7

relief."  *Id.* § 1915A(b).

8

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9

of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10

plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12

*Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13

While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14

its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15

U.S. 662, 679 (2009).

16

To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17

assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18

action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19

a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at

20

678.

21

Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22

*Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23

content that allows the court to draw the reasonable inference that the defendant is liable for the

24

misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26

*Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27

plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28

/////

2

1

Screening Order

2      Plaintiff's complaint identifies two defendants: R. Eulers and E. Corter.  The factual

3  allegations, however, reference only a single unnamed "defendant," making it impossible to

4  determine which of the two defendants allegedly violated plaintiff's rights.  Plaintiff will be given

5  leave to amend to cure this defect.  In any amended complaint, plaintiff must identify by name

6  each defendant who allegedly violated his rights and state what conduct each engaged in that

7  constitutes such a violation.

8      The gist of the complaint is that "defendant" has retaliated against plaintiff by falsifying a

9  rules violation report, using unnecessary force, and identifying plaintiff as a rapist in the presence

10  of other inmates.[1]  Plaintiff alleges that defendant took these adverse actions against him because

11  (1) plaintiff likes to insult defendant with names like "coward," "corrupt pig," and "punk ass

12  bitch," and (2) plaintiff files administrative appeals.  While the First Amendment protects inmates

13  from being retaliated against for protected conduct such as filing administrative appeals, it does

14  not offer protection for hurling insults at correctional officers.  *See Watison v. Carter*, 668 F.3d

15  1108, 1114 (9th Cir. 2012); *Young v. Moreno*, No. CV 10-9699-JST (SH), 2012 U.S. Dist. LEXIS

16  70572, at *14-16 n.6 (May 8, 2012, C.D. Cal.).  Moreover, mere conclusions of hypothetical

17  retaliation are insufficient, a prisoner must "allege specific facts showing retaliation because of

18  the exercise of the prisoner's constitutional rights."  *Frazier v. Dubois*, 922 F.2d 560, 562 (n.1)

19  (10th Cir. 1990).  Thus, this defect, too, must be cured by an amended complaint.  In any

20  amended complaint, plaintiff must, for each alleged instance of retaliation, identify his protected

21  conduct and show that defendant took adverse action against him because of that protected

22  conduct.

23

Leave to Amend

24      Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an

25  amended complaint it should observe the following:

26

---

27      [1] In an amended complaint that clearly identifies each defendant, these allegations may be
   used to support independent Eighth Amendment claims of excessive force and/or deliberate
28  indifference to plaintiff's safety.

3

1    Any amended complaint must identify as a defendant only persons who personally
2    participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*
3    *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
4    constitutional right if he does an act, participates in another's act or omits to perform an act he is
5    legally required to do that causes the alleged deprivation).   The complaint should also describe,
6    in sufficient detail, how each defendant personally violated or participated in the violation of his
7    rights.  The court will not infer the existence of allegations that have not been explicitly set forth
8    in the amended complaint.

9    The amended complaint must contain a caption including the names of all defendants.
10   Fed. R. Civ. P. 10(a).

11   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See
12   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

13   Any amended complaint must be written or typed so that it so that it is complete in itself
14   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
15   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
16   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
17   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
18   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
19   1967)).

20   Finally, the court notes that any amended complaint should be as concise as possible in
21   fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of
22   procedural or factual background which has no bearing on his legal claims.

23   <u>Request for Counsel</u>

24   Plaintiff requests a Spanish-speaking interpreter or attorney.  ECF No. 4.

25   District courts lack authority to require counsel to represent indigent prisoners in section
26   1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional
27   circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See*
28   28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*

4

1   *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

2   circumstances" exist, the court must consider the likelihood of success on the merits as well as the

3   ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

4   involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors,

5   the court finds there are no exceptional circumstances in this case.

6          Plaintiff has also requested the assistance of a Spanish language interpreter, as plaintiff's

7   primary language is not English.  Thus far, plaintiff's pleadings have been in English and he has

8   succeeded in effectively communicating with the court.  Moreover, the court is not aware of any

9   authority authorizing the expenditure of public funds for a court-appointed interpreter in a civil

10  action.  *See Gonzalez v. Bopari*, No. 1:12-cv-01053-LJO-GBC, 2012 U.S. Dist. LEXIS 178295

11  (E.D. Cal. Dec. 17, 2012) (discussing lack of statutory authority for court to appoint interpreters

12  in civil in forma pauperis actions).

13                                    Conclusion

14         Accordingly, IT IS HEREBY ORDERED that:

15     1.    Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

16     2.    Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

17           accordance with the notice to the California Department of Corrections and

18           Rehabilitation  filed concurrently herewith;

19     3.    Plaintiff's request for a Spanish-speaking attorney and/or interpreter (ECF No. 4) is

20           DENIED;

21     4.    Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days

22           from the date of service of this order; and

23     5.    Failure to comply with this order may result in dismissal of this action for the reasons

24           stated herein.

25  DATED:  December 16, 2020.

26                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE

27

28