UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN RODRIGUEZ, | No. 2:20-cv-2399-EFB P |
| Plaintiff, | |
| v. | ORDER |
| R. ENLERS,[1] | |
| Defendant. | |

    Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint, plaintiff has filed an amended complaint, which the court screens below. *See* ECF Nos. 1, 10, 13.

    Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). As discussed below, plaintiff's amended complaint cannot survive screening because it fails to comply with Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief could be granted.

---

[1] The Clerk of the Court shall update the case caption to reflect that defendant Enlers, consistent with plaintiff's motion to dismiss (ECF No. 14), is the sole defendant.

1

1                                                 Amended Complaint

2       In the amended complaint (ECF No. 13), plaintiff alleges the following: Plaintiff and defendant Enlers dislike each other. *Id.* at 3. Enlers dislikes plaintiff because plaintiff files complaints against the police and officers at California State Prison, Sacramento. *Id.* at 3, 6. In April of 2020, Enlers was present when plaintiff complained to the chief deputy warden about the lack of COVID-19 safety protocols. *Id.* at 3. When Enlers escorted plaintiff back to his cell, he called plaintiff a "piece of shit" and threatened him. *Id.* To avoid problems with Enlers, plaintiff stayed inside his cell for approximately 30 days. *Id.*

      On June 19, 2020, Enlers claimed to have found a weapon in plaintiff's cell and issued a false rules violation report against plaintiff. *Id.* at 3-4. It is not entirely clear, but it seems that on August 14, 2020, Enlers issued a second false rules violation report, this time alleging that plaintiff had misused orange spray paint. *Id.* at 5. Lastly, on November 12, 2020, Enlers pushed on plaintiff's food port while plaintiff's hands were in it, inflicting a one-half inch cut on plaintiff's left hand. *Id.* at 6.

      Plaintiff asserts a claim of First Amendment retaliation. *Id.* at 3. As relief, he requests that the court "take [a] look at this case, see the true and false." *Id.* at 7.

                                                  Screening Order

      Plaintiff's amended complaint is deficient because it fails to include a request for relief. A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). Rule 8(a)(3) requires a complaint to contain a demand for judgment for the relief sought. In any second amended complaint, plaintiff must include a request for relief specifying whether he seeks monetary damages and/or specific injunctive relief.

      Plaintiff's amended complaint is also deficient because it fails to state a cognizable First Amendment retaliation claim. In the original screening order, the court informed plaintiff that for

each alleged instance of retaliation, plaintiff must identify his protected conduct and show that defendant took adverse action against him because of that protected conduct. ECF No. 10 at 3. Plaintiff's amended complaint fails to satisfy this directive. For example, plaintiff has not sufficiently alleged that Enlers took adverse action against plaintiff during the escort away from the chief deputy warden when he called plaintiff a name and made vague threats. *See Turner v. Smith*, No. C 11-05176 CRB, 2013 U.S. Dist. LEXIS 2924, *4 (Jan. 8, 2013 N.D. Cal.) (finding that "vague threats," however inappropriate, do not rise to the level of a constitutional violation). In any second amended complaint, plaintiff must be more specific as to the threats made by Enlers during the escort. Plaintiff must also provide more factual context for the three remaining alleged instances of retaliation, including the two false disciplinary reports and the use of force at the food port. Plaintiff has not sufficiently alleged that any of these acts – occurring weeks and/or months after plaintiff complained to the chief deputy warden in the presence of Enlers – were motivated by plaintiff's filing of grievances and/or complaints.

## Conclusion

Based on the foregoing, plaintiff's amended complaint is dismissed with leave to amend for failure to state a claim upon which relief could be granted and failure to comply with Rule 8.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court shall update the case caption to reflect that defendant Enlers, consistent with plaintiff's motion to dismiss (ECF No. 14), is the sole defendant. The Clerk shall also terminate ECF No. 14.

2. Plaintiff's amended complaint (ECF No. 13) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

3. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: January 28, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3